Shane Campbell Gallery, Inc. v. Frieze Events, Inc. I am pleased to report that I am Jim Francis, and I represent the Appellate Procedure Board of Shane Campbell Gallery, Inc. I have requested two minutes for rebuttal. Your Honor, we seek reversal of the District Court's May 11, 2020 memorandum order dismissing the Gallery's second-hand complaint with prejudice because the Court failed to correctly apply Federal Rule of Appellate Procedure 8A2. What the District Court did was apply a much stricter standard, something more akin to and or similar to Rule 9's fraud standard, if not something more demanding than that. What we argue and have asserted in the briefing is that a basic de novo review of the second-hand complaint demonstrates that it squarely satisfied Rule 8A2 and its plausibility standard, even as that standard has been elucidated and clarified by the Supreme Court's recent rulings in Twombly and Iqbal. As this Court is very well aware, Rule 8A2 simply requires that a civil complaint provide... The complaint alleged 24 potential theories of breach. Is that right? The complaint in paragraph 22, Your Honor, alleges 26 specific and different and objective ways... So, 26. And without indicating which one applies here, how is the defendant supposed to know how to defend the case if you've asserted 26 possible theories? Well, Your Honor, they're not possible theories. These are theories that were only... After the district court dismissed the case for lack of being more specific in the first instance. So, these are not alternative or contrary theories. These have all been identified as independent breaches that are objective. And so, the defendant is put on more notice in this case than we would argue that in most cases. So, as I was saying earlier, all 8A2, as Your Honors are well aware, requires is a short and plain statement of the claim that the pleader is entitled to relief that gives the defendant fair notice, I think, Your Honor, as you were just asking me about. The defendant here, Freeze, is on clear notice as to what the specific allegations are and what it did incorrectly and how it did not comply with the commercial reasonability standard. As I said earlier, I don't see many complaints, I think, that allege a commercial reasonability breach that are more specific than this. And I can just highlight some of them that we think really deliver the day here for us. This is not the type of complaint... Is it your contention that as a result of Freeze's failure to use commercially reasonable efforts to provide the air conditioning in the tents and so on, that that constituted some sort of a failure? What is your contention? Is it a failure of service? Is it an interruption of service? What is it? So, what happened was it was a failure to utilize commercially reasonable efforts. No, no, no, no, no. But what was the result of that? The result of that was that these tents, these exhibitors' tents, were completely unusable. People did not come in and people left and people got sick, so they were not commercially usable at all. So, Freeze's failure rendered these spaces commercially unusable. So, that's a failure of service or an interruption of service? No, Your Honor. It's not. So, what is that? It's an interruption of service. It's a failure on their part to provide a proper air conditioning system given the circumstances of this case. This was not an interruption case where there was a lightning bolt that hit the grounds and that rendered the power to go out or that there was a tornado, something like that. This was a heat wave with temperatures in the 90s in May. That's a little unusual, isn't it? Well, the temperatures were a little higher than usual, but as alleged in the complaint, Freeze knew about the forecast, took no steps at all to modify any of the equipment, which are several of the allegations. It took no steps at all to supply even additional space air conditioner units, which even if the original system wasn't designed to provide proper air conditioning for these temperatures, which we allege… How large were these exhibition tents, does the complaint say? They vary in size, Your Honor. I don't have that readily available in front of me. But they did vary in size depending upon how much space each exhibitor wanted to direct at the resort. But according to the complaint, what is the difference between failure to use commercially reasonable efforts and failure of service? Well, neither one of those terms is defined by the contract. And as I said earlier… Is there a difference according to the complaint? I don't think the complaint specifies a difference between an interruption of service, as I mentioned before, and the failure to use commercially reasonable efforts. The complaint's entire focus and the allegations are tailored exclusively to Freeze's failure to utilize commercially reasonable efforts. As I said before, as outlined in paragraph 22. So it's not an interruption of service case. It's not been pledged as an interruption of service case. But as I read it, I mean, the plausible way of reading this, the only plausible way of reading this is that you're claiming a failure of service. That is a failure to provide the air conditioning, the appropriate air conditioning, particularly given the heat wave. And that stopped this event from really taking place in the way that your client wanted it to take place. I think I understand what Your Honor is asking. And I guess what I'm trying to distinguish is the complaint, the contract itself, has a clause that references specifically an interruption of service. And that's what I said before, like a lightning bolt or a tornado or something like that. Maybe the way that Your Honor is asking, and I think I would agree with, which is that to the extent that the commercial… were so poor and so commercially unreasonable that they basically rendered the tents unusable, I would agree with that. And that's the way that I think I'm reading your complaint. And then I look at the contract at 872, and it says the freeze shall not be liable for any loss or damage due to failure or interruption of any service. Correct, Your Honor. As I think as the district court properly did find, that clause is not out of the bubble here for these allegations. The district court specifically noted that that clause did not render the freeze's obligation to employ commercially reasonable efforts as moot or in any way. That means some type of interruption of service caused by an intervening event, not poor design that leads to an exhibition space that is basically something that diminished people's desire to be in the tents and rendered certain people sick. So we're not claiming that it's a complete interruption. We're not claiming that they didn't supply any air conditioning equipment. That has not been alleged. All right. You have some time for rebuttal. We'll hear from your colleague, Mr. Lynch. Thank you, Your Honor. You're on mute, Mr. Lynch. There you go. Good morning, Your Honor. This is Michael Lynch from Kelly Dry. I apologize. I had a phone and a computer, and I guess I needed to unmute the computer. Your Honor, the district court's decision here dismissing plaintiff's second minute complaint was a plain and straightforward application of the federal pleading standard set forth in 12A and ICBAL, and the court did not deviate from that standard. Plaintiff's claim that Fries failed to provide or exercise commercially reasonable efforts to provide air conditioning must meet that plausibility standard, which it does not do here. Plaintiff was required to plead sufficient facts to create an allegation that it was more than a mere possibility, and this complaint fails to do so. Commercially reasonable standard courts have compared to a good faith standard, and there just needs to be a conscious effort to achieve an agreed-upon goal. Plaintiff's failed to raise a claim for relief beyond a speculative level. The fact is that it was hot that day, and it was a record-breaking heat wave, but that alone is not sufficient to raise a plausible claim. Plaintiff does not dispute, in fact, admits that Fries had an air conditioning system, that the air conditioning system was working, that it worked without complaint at least on the third, fourth, and fifth days of the fair, including one of the days which was over 85 degrees. The fact that it was hot in the first two days does not imply or mean, or you can't reach the conclusion that we were commercially unreasonable. What is the difference between the first two days and the rest of it? Did anything change, or did it just get cooler? The only difference was the temperature. It just got cooler outside, so it was more tolerable inside? Yes. According to the allegations, yes. And you identified paragraph 22 with 26 different claims or allegations. Judge Rakoff referred to that in his decision as a generic jarred and laden laundry list of air conditioning failures, but they're not tied to any specific facts. They haven't identified any in those allegations. They're all conclusory allegations devoid of factional support. Following the court's initial dismissal of the First Amendment complaint, the judge instructed plaintiffs, in order to plead a claim here, you need to set forth what the standard is. They failed to do that. The only standards they mentioned in their complaints are something called the ASHRAE standard, which is inapplicable, and the New York City Building Code, which deals with buildings, not tents. And plaintiffs have admitted that that is not applicable. So they have not set forth what that standard should have been or what steps. Is there a standard for tents? The standard here, Your Honor, under these facts and under these allegations, is what's reasonable under the circumstances. And the plaintiff has to plead something to the effect of what that would mean and where freeze failed. There is no indication that freeze failed. There's no pleading here based on specific facts of where freeze could have acted differently or should have acted differently. But what about the fact that the temperature was intolerable inside the tent? That is insufficient. Is that not at least circumstantial evidence that the defendant failed in its obligations? No. Why not? It's not because the fact that it was hot and it was hot in the tent doesn't undermine their obligation to plead specifically how we failed to keep it cooler or to use an air conditioning system that works better. There was an air conditioning system. Our obligation here under the commercially reasonable standard is not one of perfection. It is not one that you analyze in hindsight. It is we did not make a guarantee that there would be, you know, that it would be comfortable to a level that they think is comfortable. That was not the standard. The standard was simply commercial reasonableness, which is tempered by things like the business interests of the party like here, us, who had the obligation to perform that way. So this is not a situation where you simply get to say, and in no pleading can you say, it was just too hot and so we therefore failed. There needs to be some factual connection there that gets them the basis for that. The pleading does not provide more than is specific detail required by the federal rules. That is, you know, it is, again, devoid of factual connection to the commercially reasonable standard, which, again, it does not impose a hindsight analysis whether the defendant could have done something better or could have done something different that would have produced a better result. It is not a duty of optimal performance. And we said a number of cases, including the Bear Stearns case and the Verrilli case, to support that claim. Again, it is a lower threshold. It is a threshold that requires some. I just want to make sure that I understand, because I know I always have a concern that rule eight is being diluted and that the federal courts are making a little harder to get past a motion to dismiss. So if the complaint had, in a more elaborate factual way, stated what the commercially reasonable things that Freese, your client, could have done and didn't do, that would suffice? Yes. What do they need to do beyond what they've done? Well, Your Honor, look, I think, in the first instance, because they were displeased does not mean that a claim exists. So the fact – I understand that. I understand that. But if they had specifically said these are the commercially reasonable things that Freese could have done and should have done and they didn't do it and listed those things that it should have done under whatever the standard is, would that have been enough? Or does it have to specifically also describe the specific standard? So, Your Honor, I think it's a difficult question. It's a big hypothetical. I think the issue here is that we don't have any specificity. And so to the extent the concern is watering down relief, as Judge Chin noted in the opening argument here, there is no notice as to what Freese did wrong or could have done differently. And that is required. That is simply the requirement under the federal rules. And as far as what they could have pled, you know, our contention is here that there is no way they could have pled a claim here because there are no facts to support any way that we failed to act in a commercially reasonable manner. And the conclusion that we did is not sufficient. And so, you know, are there facts out there that could have been pled, you know, had we acted in it if we were not commercially reasonable? Sure. But you need to identify what those are. And so, yes, I think the requirement is under commercially reasonable standard is to identify what that standard is. And, you know, it may be a formal standard. It may be an informal standard. It depends on the circumstances. And as I said before, it's what is reasonable under the circumstances. And then how we failed to meet that. And to just simply say it was too hot, it just doesn't get there. And so, you know, I understand the question. I understand the concern. And I think the difficulty here is under these facts, there is no way for them to plead that we failed to meet the commercially reasonable standard. I think they pled that we, in fact, did just by virtue of the fact that we had an operable air conditioning system that continued to work throughout the time we were there. And it was fine on an 85-degree day. So it is not as though we just abandoned our obligations here, didn't have air conditioning or had a unit without a vent or had one vent. What if the air conditioning equipment did not work at all? Would there be a claim there? If the air conditioning failed. So the question there. Completely. Completely. It wasn't running at all. So we have paragraph 18 of the complaint says that we don't have liability as long as we act commercially reasonably. Now, if the air conditioning failed, it would depend on did we not have enough power, for example. That perhaps could be, you know, not commercially reasonable. But if we acted commercially reasonable and it failed, then no. It would still depend on whether what you did or failed to do was commercially reasonable. Yes. And again, that's a standard that is not something that's judged in hindsight. That is something that is judged under the circumstances. And a good faith effort gets us there. Does such a thing exist? I mean, is there a commercially reasonableness standard that would apply? And if there isn't such a standard, then what? Well, so, you know, is there an engineering standard? I don't know the answer to that as I sit here today. But there is certainly a reasonableness standard which we had to meet. And we did meet by having a unit there that worked. Okay. All right. Thank you. We'll hear the rebuttal. Thank you, Your Honors. I just want to pick up first on where I agree with my colleague. He said that the question was reasonableness under the circumstances. And we agree with that. And in the vast majority of case law that addresses reasonableness under the circumstances, it's a factual question. It's not a question that gets dismissed at the pleadings. So I agree with him that that's the appropriate standard. I also want to address counsel's argument that all the allegations are conclusory and that all the complaint does is say it was hot. Any reading of this complaint shows you that the complaint does a lot more than that. I'll just highlight a few. The complaint alleges that Freese was aware of this weather forecast, yet took no steps or actions to adapt its system in light of those conditions. That is unreasonable under the circumstances, or at least a jury question. That's at paragraph 22C. Freese knew about the oppressive heat problem within the tents and took no action to correct it, either by use of portable units or otherwise. I disagree with counsel that the ASHRAE standard is not applicable. We actually plead that it is applicable. ASHRAE is the American Society of Heating, Refrigeration, and Air Conditioning Engineers. We argue that the ASHRAE standards, even though not required to be pled at this stage, that there's an allegation at paragraph 22X that Freese failed to comply with the ASHRAE standards for an event like this. And there are additional allegations about Freese's failure to accommodate the system for the applicable cooling loads. These are not general and conclusory allegations or legal conclusions. These are very specific instances of how Freese failed to act commercially reasonably. And I would like to just pick up on what I think Judge Loria, which you were asking, counsel, which was, does the complaint have to allege these are the commercially reasonable things and how they fail? Well, that's what paragraph 22 is. It's a list of those objectively reasonable things that Freese should have done and did not. And I think one of the reasons that the district court here got it wrong is because it misread the Holland Loader case. The Holland Loader case. What are the damages here? Well, the damages here, first of all, are rescission of the contract and any lost profits or any financial damage. How do you get to $5 million? Each of these booths alone, the costs were $30,000 to $50,000 just to rent them, plus the loss of, these are people selling million-dollar pieces of artwork. This is not like a small event. This is only for large-scale, big-scale galleries with expensive artwork. So our clients alone, we believe, suffered in the millions based upon the lost sales that they had compared to prior years. So those are the damages in the case. But I guess I would like to just finish on Holland Loader because I think this is where the district court jumped off and made an error here. It is not a pleading case. It is a case that only addresses a standard after a trial. And in that case, it was a plaintiff's expert who identified what the objective standard was. There is nothing in Holland Loader or in this court's jurisprudence which states that in a commercially reasonable case, a plaintiff at the pleading stage,  The question is, are there enough facts to demonstrate, according to the plausibility standard of Rule 882, that there is a claim here? And there are specific allegations which I've gone over. I don't want to waste the court's time going over them again. Yeah, you're out of time.  We will reserve decision. Thank you.